# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3938 | **DATE** | 12/19/2002 |
| **CASE TITLE** | ENGINEERING CONSULTING SERVICES vs. INTERNATIONAL BROTHERHOOD ,ETC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Union's Rule 12(b)(6) motion to dismiss is denied. Status hearing date of 4/3/03 is stricken and reset to 5/7/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 20 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | G.Y. docketing deputy initials | 14 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | TBK courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ENGINEERING CONSULTING ) <br> SERVICES, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL BROTHERHOOD OF ) <br> OPERATING ENGINEERS, LOCAL 150 ) <br> ) <br> Defendant. ) | No. 02 C 3938 <br> Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff Engineering Consulting Services, Ltd. ("ECS") has sued defendant International Brotherhood of Operating Engineers, Local 150 ("the Union") pursuant to section 303 of the Labor Management Relations Act, 29 U.S.C. § 187 ("LMRA"), for its alleged violations of section 8 of the National Labor Relations Act, 29 U.S.C. § 158 ("NLRA"). The Union has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint. For the reasons set forth below, the motion is denied.

## Facts

ECS is an engineering corporation that monitors the performance of construction contractors on behalf of property owners. (First Am. Compl. ¶¶ 1-2.) The Union is a labor organization that represents employees in, among other places, Cook, Will and DuPage Counties in Illinois. (Id. ¶ 3.)

Since February 11, 2002, the Union has picketed or threatened to picket at a number of sites in Illinois where ECS currently works or has submitted proposals to work. (Id. ¶ 5.) At some of these sites, the Union has picketed entrance gates used only by neutral employees. (Id. ¶ 6.) At all of the sites the Union's "object has been to induce or encourage neutral employees . . . to withhold their services in order to encourage the site owner/developer to cease doing business with ECS." (Id.)

ECS says the Union's conduct violates the NLRA and has sued to recover the damages it has incurred as a result of the Union's unlawful conduct.

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

The NLRA permits a union to picket an employer with whom it has dispute. BE&K Constr. Co. v. Will & Grundy Counties Bldg. Trades Council, 156 F.3d 756, 761 (7th Cir. 1998). But it prohibits a union from trying to advance its agenda with the primary employer by picketing unrelated, secondary employers to induce them to stop dealing with the primary. Id. The line between lawful primary picketing and unlawful secondary picketing becomes blurred when the

primary employer shares a work site with secondary employers. Though primary picketing in such cases inevitably impacts secondary employers, the picketing is lawful unless "the union . . . intend[s] to enmesh the secondary employer in the dispute." R.L. Coolsaet Constr. Co. v. Local 150, Int'l Union of Operating Eng'rs., 177 F.3d 648, 655 (7th Cir. 1999). Thus, the determination of whether a union has engaged in unlawful secondary picketing "is a factual inquiry into the union's actual state of mind." Id.

ECS alleges that the Union picketed ECS' work sites with the intention of "induc[ing] or encourag[ing] neutral employees . . . to withhold their services in order to encourage the site owner/developer to cease doing business with ECS." (First Am. Compl. ¶ 6.) The Union says that allegation is insufficient because ECS has alleged no facts to support it. (Union Mem. Supp. Mot. Dismiss First Am. Compl. at 7.) But, fact pleading, which is what the Union is demanding, is not the standard in federal court. Though the Federal Rules of Civil Procedure require certain matters, like fraud, to be alleged "with particularity," all other issues, including "[m]alice, *intent*, [and] knowledge . . . may be averred generally." FED. R. CIV. P. 9(b) (emphasis added). Because ECS has alleged that the union picketed its work sites with the intent to cause secondary impact, its claim survives the Union's motion to dismiss.

## Conclusion

For the reasons set forth above, the Union's Rule 12(b)(6) motion to dismiss is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 12-19-02